IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2009-G-BN |
| | § | |
| ATMOS ENERGY CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Joe Hunsinger filed a *pro se* complaint in a Kaufman County justice court against Defendant Atmos Energy Corporation raising claims under state law and the Telephone Consumer Protection Act (TCPA), a federal statute. *See* Dkt. No. 1-1 at 1-26. Atmos answered in state court and then removed to federal court. *See* Dkt. No. 1. And Senior United States District Judge A. Joe Fish referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Eight days after removal, Hunsinger moved to remand to state court, arguing that, although he has alleged violations of a federal statute, "[t]his court has the discretionary duty to exercise jurisdiction." Dkt. No. 12 (concluding that "this court [should] enter a judgment closing this case and remanding it back to the small claims court in … Kaufman County to make life easier for the Plaintiff, as Congress intended by creating a law in the first place to go after those pesky callers").

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny the motion to remand.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Hunsinger does not dispute that there is jurisdiction under Section 1331. *See* Dkt. No. 12. Nor can he, as he alleges that he was called "in violation of the TCPA." Dkt. No. 1-1 at 4; *see id.* at 5 (Atmos "violated TCPA Section 227(b)(A) on at least four separate occasions"; Atmos "violated TCPA Section 227(c)(5) on at least four separate occasions").

Nor does Hunsinger allege a defect based on the removal statute or that it would be inappropriate to exercise jurisdiction over the alleged TCPA violations.

And the undersigned cannot agree with Hunsinger that the Court has discretion when it comes to exercising its jurisdiction over alleged violations of federal law: "As with diversity jurisdiction, federal question jurisdiction is not discretionary with the district court." *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993).

In fact, even where there may be "discretion to remand state law claims that were removed along with one or more federal question claims, [the district court] may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the

retention of jurisdiction 'inappropriate.'" *Porche v. Tex. Air Corps., Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008) (quoting *Laurents v. Arcadian Corp.*, 69 F.3d 535, 1995 WL 625394, at *2 (5th Cir. Oct. 4, 1995) (per curiam)); *see, e.g.*, *Blankenship v. Weinstein & Riley, P.S.*, No. 3:10-cv-1821-G, 2011 WL 2713698, at *2-*3 (N.D. Tex. July 12, 2011) (concluding that, because, "[i]n their state court petition, the plaintiffs expressly assert a federal cause of action against the defendants under the FDCPA" – "[i]n particular, the plaintiffs allege that the demand letter sent by the defendants failed to comply with the FDCPA" – and "[b]ecause the plaintiffs do not allege any defect in the removal procedure or circumstances rendering the retention of jurisdiction inappropriate, the district court must retain this federal claim" (citations omitted)).

The Court should therefore deny the motion to remand.

## Recommendation

The Court should deny Plaintiff Joe Hunsinger's motion to remand [Dkt. No. 12].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE