IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2009-G-BN |
| | § | |
| ATMOS ENERGY CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE MOTION TO CONSOLIDATE**

Plaintiff Joe Hunsinger filed a *pro se* complaint in a Kaufman County justice court against Defendant Atmos Energy Corporation raising claims under state law and the Telephone Consumer Protection Act, a federal statute. *See* Dkt. No. 1-1 at 1-26. Atmos answered in state court and then removed to federal court. *See* Dkt. No. 1. And Senior United States District Judge A. Joe Fish referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Atmos now moves to consolidate into this lawsuit a subsequent lawsuit that Hunsinger filed against it in state court, which Atmos removed to federal court on January 12, 2024. *See* Dkt. No. 18; *Hunsinger v. Atmos Energy Corp.*, No. 3:24-cv-99-K-BK (N.D. Tex.) ("*Hunsinger II*").

"Motions to consolidate under Federal Rule of Civil Procedure 42 are considered nondispositive and are, therefore, within [the] pretrial authority [of] a magistrate judge." *Tex. Dep't of Transp. v. Canal Barge Co., Inc.*, No. 4:20-CV-00868,

2020 WL 4335787, at *1 n.1 (S.D. Tex. July 28, 2020) (collecting cases).

As applicable now, Rule 42 "provides that where two or more lawsuits raise 'a common question of law or fact,' a district court may 'consolidate the actions.'" *Id.* at *1 (quoting FED. R. CIV. P. 42(a)).

> "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quotation marks and citation omitted). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). *See also Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). "Consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp.*, 712 F.2d at 989. "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *Id.*

*Id.*

But consolidation is improper – or at least premature – where there is an unresolved colorable challenge to the removal to federal court of the case targeted for consolidation. *See Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*, 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002) (Rule "42(a) authorizes consolidation only '[w]hen actions involving a common question of law or fact are *pending before the court* ...' Mourik's improperly removed action was never actually 'pending before the Court,' and therefore was never subject to Rule 42 consolidation." (emphasis in original; citing *United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("But Rule 42(a) requires that both actions be 'pending before the court' and an improperly removed

action does not meet this criterion.")));  *see also St. Martin v. Provident Life & Accident Ins. Co.*, Civ. A. Nos. 92-4244 & 92-2120, 1993 WL 165738, at *1 (E.D. La. May 10, 1993) ("Furthermore, this Court is scheduled to hear St. Martin's Motion to Remand Civil Action No. 92-4244 on May 12, 1993, and the disposition of that motion could allay Provident's concerns about consolidation.").

A motion to remand was filed in *Hunsinger II* on January 19, 2024 and is still pending. And that motion may be more than merely frivolous where Atmos states in its motion to consolidate that,

> [a]lthough Hunsinger #2 complains of a phone call of the same type and between the same parties, instead of amending Hunsinger #1 to add the alleged new phone call, Plaintiff is attempting to bypass the federal court system and plead himself into his previously indicated preferred venue of small claims state court by alleging violations of [the derivative state statute] only.

Dkt. No. 18, ¶ 3.

The Court therefore DENIES WITHOUT PREJUIDCE Atmos's motion to consolidate.

SO ORDERED.

DATED: January 24, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE